IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nazira Aidaralieva, | ) | Case No. 5:25CV2006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| KG Akron, LLC, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | (Resolves Doc. 11) |
| | ) | |

This matter comes before the Court on a stay this matter pending arbitration filed by Defendant KG Akron, LLC, d/b/a/ Ken Ganley Toyota. Doc. 11.  Plaintiff Nazira Aidaralieva has not opposed the motion. The motion is GRANTED.

**I.     Facts**

The complaint alleges that Aidaralieva purchased a 2021 Toyota Corolla from Ganley on October 10, 2024 for a little over $25,000.  The complaint further alleges that the vehicle had been damaged in three prior incidents and had an open recall – none of which was disclosed at the time of sale.  The complaint further alleges that multiple defects arose in the vehicle shortly after the purchase and that Ganley has been unable to remedy the defects.  Based upon these facts, Aidaralieva brought claims alleging violations of the Ohio Consumer Sales Practices Act, breach of warranties, fraud, and violations of the Truth in Lending Act.  Ganley moved to compel arbitration arguing that the parties' sale agreement included the following:

> Any claim or dispute, whether in contract, tort, statute, or otherwise (including the interpretation and scope of this Arbitration Provision, and any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, the contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by mutual, binding arbitration and not by court action.

Doc. 11-1 at 5.

### II. Legal Standard

In reviewing the pending motion, this Court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC,* 537 F.3d 559, 561 (6th Cir. 2008). The Court is mindful in its analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, Congress's "preeminent concern" was to enforce private agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving the issue, this Court must consider that there is "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

### III. Analysis

The plain language of the parties' arbitration provision expressly covers claims arising from the purchase and condition of the vehicle. Aidaralieva has offered no opposition to suggest any theory that would take this matter outside of arbitration. Accordingly, the Court finds that each of the claims against Ganley are subject to arbitration. To the extent that Aidaralieva has a derivative liability claim against Defendant PNC Bank, that claim will also be stayed while arbitration is completed with Ganley.

### IV. Conclusion

The motion to stay and compel arbitration is hereby GRANTED. The parties shall file status reports every 90 days from the date of this order to apprise the Court of the status of the arbitration proceeding. The parties shall also promptly file a notice at the conclusion of the arbitration proceedings.

IT IS SO ORDERED.

Dated: <u>December 16, 2025</u>              <u>    /s/ Judge John R. Adams    </u>
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT